## Loveland et al. v. Bobb.

*Practice, C. P.—Rule for commissions—Interrogations—Rule of course.*

1. A rule for a commission to take testimony on interrogatories is a matter of course and needs no order of court to sustain it.

2. If a witness resides out of the State, a rule for a commission on interrogatories is proper to take his testimony.

Exceptions filed to rule and interrogatories. C. P. Snyder Co., Feb. T., 1923, No. 30.

*Charles P. Ulrich,* for plaintiffs.

*A. F. Gilbert* and *J. G. Weiser,* for defendant.

POTTER, P. J., Oct. 16, 1923.—In this case the statement and the affidavit of defence were filed when the plaintiff entered a rule in the prothonotary's office for a commission to be issued to I. M. H. Leutz, a notary public in and for Iowa City, State of Iowa, to take the testimony of Theodore O. Loveland, on interrogatories annexed, on fifteen days' notice to the defendant. This rule was duly entered on May 8, 1923. On May 17, 1923, exceptions were filed by the defendant as follows: 1. That the rule was entered without leave of court. 2. That no cause was shown nor reasons assigned, recognized as valid in law, for the taking of said depositions.

It is contended that this rule must come under the Act of June 25, 1895, P. L. 279, or under the Act of June 8, 1911, P. L. 709.

We think neither of these acts apply here. The Act of 1911 refers to the taking of testimony orally; therefore cannot be applicable to the case at bar. The Act of 1895 does not seem to cover a case involving the filing of interrogatories such as we have in this case, and, therefore, we deem it also not applicable here.

The depositions of a witness residing out of the State may be taken by virtue of a commission, by entering a rule in the office of the prothonotary, in which is named the proposed commissioner before whom the interrogatories are to be answered by the person or persons whose testimony is desired, the witness first being sworn by the commissioner. This rule is a matter *of course,* and must be served upon the adverse party or his attorney at least fifteen days before the issuing of the commission, which must be ordered by an order of court.

The practice provides for the filing of cross-interrogatories and the issuance of a commission to a commissioner named by the party entering the rule, the return of the interrogatories and their custody, how and when they are to be used in the trial of the case, &c. See Brewster's Common Pleas Practice, 1023, *et seq.* Also, see 1 Troubat & Haly's Practice, 770, *et seq.*

Our Rule of Court No. 64 of the old rules also provides for a commission to any of the United States or to foreign parts, with directions as to the procedure with the interrogatories, &c.

We must, therefore, hold that the rule for a commission on interrogatories is a matter *of course* and needs no order of court to sustain it.

As to the second exception, we can only say that the fact that the proposed witness resides out of the jurisdiction of this court is reason sufficient to sustain the present proceedings with a view of securing his testimony, which cannot be secured by subpœna.

The next step in the proceedings is the filing of cross-interrogatories, or, in default thereof, the issuance of the commission by order of the court.

Loveland et al. *v.* Bobb.

And now, to wit, Oct. 16, 1923, the exceptions to the rule and interrogatories are dismissed and the defendant is directed to file his cross-interrogatories, if any, within fifteen days of this date, in default of which we will entertain a petition for the issuance of the commission.